## 62858. GRANT v. BARGE.

DEEN, Presiding Judge.

Appellant Grant obtained a judgment in the amount of $4,269.83 against an attorney, Barge, in the State Court of Fulton County and caused a garnishment against DeKalb County to be served on December 12, 1980. On January 23, 1981, the county answered and filed an affidavit claiming sovereign immunity and denied that it had any funds belonging to Barge. On February 20, 1981, the county amended its answer and affidavit and stated that it had become indebted to the Association of Law Enforcement Officers of DeKalb County, Inc., and their attorneys because of a judgment

against the county in federal district court and paid $4,269.83 into the registry of the court. On March 5, 1981, judgment was rendered against the defendant for $4,269.83 and the garnisheed amount was disbursed to the plaintiff. On April 9, 1981, the county filed a motion to recover the funds because the county doubted the lien rights of Barge and the federal district court had issued an order after the funds had been disbursed that the attorney fees were to be paid to the police association and not to the attorneys. Two amendments to this motion were filed and the final one asked the judgment to be set aside. The trial court held a hearing on the motion and then ruled in favor of the county. *Held:*

Under Code Ann. § 23-1502: "A county is not liable to suit for any cause of action unless made so by statute." Code Ann. § 46-306 (first enacted as Ga. Laws 1976, pp. 1608, 1615) provides for a limited waiver of sovereign immunity by permitting salaries of officials and employees of the state and its subdivisions to be made subject to garnishment. The act, however, is silent as to other funds in the hands of a subdivision of the state. Therefore, we are constrained to hold that such funds are still not subject to garnishment in Georgia. See *Morgan v. Rust,* 100 Ga. 346 (28 SE 419) (1897). As the trial court lacked jurisdiction, it was proper to set aside the judgment under Code Ann. § 81A-160 (d).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED NOVEMBER 24, 1981.

*Stanley M. Lefco,* for appellant.
*George P. Dillard, Gail C. Flake,* for appellee.