## 66918. CITY OF ATLANTA v. GILMERE et al.

McMURRAY, Presiding Judge.

Emma F. Gilmere obtained a judgment against Carroll Charles Craig in the United States District Court, Northern District of Georgia, Atlanta Division. She then sought garnishment against the City of Atlanta. The city answered setting forth that the defendant Craig earned wages bi-weekly and the garnishee had become indebted to the defendant in the sum of $1,409.60. It then contended that $1,147.99 is exempt from process of garnishment and only $261.61 is subject to the process of garnishment of which $15.00 answering fee has been withheld and thereupon it paid into court $246.61. Whereupon the plaintiff traversed the garnishee's answer, and both filed motions for summary judgment.

The motions for summary judgment, as well as the plaintiff's traverse of the garnishee's answer came on for hearing. The trial court granted plaintiff's motion for summary judgment and sustained her traverse. In its order thereon, the court stated that "[a]fter hearing argument of counsel and the stipulation of the parties that the liability in the underlying judgment 'arises out of liability incurred in the scope of the (defendant's) employment while responding to an emergency' " and found that OCGA § 18-4-21 (formerly Code Ann. § 46-306 (Ga. L. 1976, pp. 1608, 1615; 1977, p. 634; 1980, pp. 1769, 1772)) requires that the garnishee, the City of Atlanta, pay the plaintiff $12,413.28, together with principal and interest as provided by law from the date of the judgment, "November 12, 1983 [sic]." The garnishee appeals. *Held:*

Nowhere in the record do we find evidence of the amount of the United States District Court's judgment, nor do we find a stipulation other than the fact that the trial court's order states that the parties had stipulated that the judgment arises out of the liability incurred in the scope of the defendant's employment with the city while responding to an emergency. However, the garnishee by brief states that the parties so stipulated, and we proceed to consideration of the

case by applying OCGA § 18-4-82 (formerly Code Ann. § 46-501 (Ga. L. 1976, pp. 1608, 1618)) to the admitted facts. The language of the statute (OCGA § 18-4-21 (Code Ann. § 46-306), supra) is somewhat ambiguous in allowing a municipality to be garnished for money due its employees "as salary for services performed for or on behalf of the municipal corporation." Compare *Grant v. Barge,* 160 Ga. App. 488, 489 (287 SE2d 393). OCGA § 18-4-21 (Code Ann. § 46-306), supra, then states "except in no event may the officials' or employees' salary for services performed for or on behalf of any municipal corporation . . . be garnished where the judgment serving as a basis for the issuance of the summons of garnishment arises out of the liability incurred in the scope of the officials' or employees' governmental employment while responding to an emergency. In such cases, the summons shall be directed to such political entity and served upon the person authorized by law to draw the warrant on the treasury of the government or to issue a check for such salary due, or upon the chief administrative officer of the [municipality] . . .; and such entity is required to answer the summons in accordance with the mandate thereof and as provided by this chapter [garnishment proceedings]." The statute proceeds further to provide that the political subdivision (the municipality in the case sub judice) shall be in such instance "private persons" and the garnishment jurisdiction shall be restricted to a court located in the county in which the warrant is drawn on the treasury of the government or in which the check is issued for the salary due the official or employee of the subdivision.

The garnishment law in this state is in derogation of the common law and must be strictly construed. Here the parties have stipulated that the judgment against the city employee arose out of liability incurred in the scope of his governmental employment "while responding to an emergency," although the parties have not enlightened us with reference to the emergency or to show unequivocally that the amount of the judgment was as set forth in the trial court's judgment as $12,413.28. Nevertheless, the summons here was upon the "City of Atlanta, Shirley Franklin, CAO" as garnishee. It is obvious that the letters CAO stand for the chief administrative officer of the City of Atlanta, and the statute requires her to answer "said summons in accordance with the mandate . . . and as provided by" the statute. It was not so answered. The statute clearly discloses that if the judgment is incurred "in the scope of the . . . employee[']s government employment while responding to an emergency" his salary may not be garnished. The statute then provides that in such cases the summons shall be directed to such political entity (the City of Atlanta in this instance) and served upon the person authorized by law ("Shirley Franklin, CAO") to draw the warrant or to issue a check

for such salary due or upon the chief administrative officer, "and such entity is required to answer said summons in accordance with the mandate thereof." While the statute is somewhat vague as to the outcome or that the city is required to pay any such judgment in full, nevertheless, in the case sub judice the garnishee has failed to respond to the garnishment in accordance with the statute by merely answering same as to the amount of the salary the garnishee was indebted to the defendant (here exempt under the statute and stipulation of the parties). Accordingly, the trial court did not err in rendering its judgment granting the plaintiff's motion for summary judgment (as to liability) and sustaining the plaintiff's traverse, albeit we have no way to determine that the judgment awarded of $12,413.28 is the correct sum due "together with principal and interest, as provided by law, from the date of the judgment, November 12, 1983 [sic]," as there is no certified copy of the judgment in the record for us to examine and there is no stipulation or admission of the parties as to this sum.

*Judgment affirmed in part and reversed in part. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 21, 1983 —
REHEARING DENIED NOVEMBER 7, 1983 — 

*Marva J. Brooks, Henry M. Murff, Mary Carole Cooney,* for appellant.
*J. M. Raffauf,* for appellees.
Carroll C. Craig, *pro se.*